## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PATRICK TALBERT,

      Petitioner,

-vs-                                   Case No.  8:99-CR-78-T-27MSS
                                                  8:05-CV-875-T-27MSS

UNITED STATES OF AMERICA ,

      Respondent.
_____/

## O R D E R

Petitioner, an inmate in a Florida penal institution proceeding *pro se*,[1] filed a motion

to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255

challenging his 2001 convictions for mail fraud conspiracy, money laundering conspiracy,

mail fraud, money laundering, conducting unlawful monetary transactions, and unlawfully

structuring financial transactions (CV Dkt. 1; CR Dkt. 1062).  The Court has undertaken the

review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United

States District Courts (2005), and finds, for reasons set forth below, that the motion should

not be served on Respondent without first affording Petitioner an opportunity to cure

deficiencies in the motion which might otherwise prevent him from presenting all of his

claims. *See* 28 U.S.C. §§ 2244(b) and 2255 ¶ 8.

---

[1]Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida,  the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings (2005).  Failure to do so could result in sanctions. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, Petitioner must also provide a self-addressed envelope with $3.95 postage affixed thereto.  A copy of the Local Rules may be found in the Prison Law Library.  They may also be found in Florida Rules of Court available from West Group, 620 Opperman Drive, St.  Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

Although it appears that Petitioner had a copy of the court-approved form for motions filed pursuant to 28 U.S.C. § 2255 available to him, he used only the cover and signature pages of the form in drafting his motion. The Rules Governing Section 2255 Proceedings, which have been adopted in this district, require that the petition be in substantially the form appended to the rules. *See* Rule 2(c), Rules Governing Section 2255 Proceedings in United States District Courts (2005). When, as in the instant case, the substantive portion of the form has been omitted, its usefulness is substantially diminished.

Use of a prescribed form benefits both the court and the petitioner in terms of accuracy, time-savings, and administrative convenience. Courts that have a large volume of habeas actions, as does this Court, save valuable time if they are not required to sift through lengthy and often incomplete or illegible petitions in an attempt to discern what claims the petitioner is attempting to raise therein and whether he has presented sufficient factual support for those claims. This savings is lost when a petitioner fails to use the form. Use of the form also benefits petitioners because it assists them in presenting their claims in an organized manner, avoiding the omission of information which is necessary for the Court to reach a just resolution of the issues they raise.

Contrary to the express directions of Rule 2(b), the motion does not "state the facts supporting each ground" asserted therein. *See* Rule 2(b), Rules Governing Section 2255 Proceedings (2005). Instead, Petitioner adopts claims presented by co-defendant Gerald Payne in his § 2255 motion and the arguments presented in support thereof in Mr. Payne's memorandum of law and his reply to the Government's response, *see Payne v. United States*, Case No. 8:05-CV-259-T-27MSS (M.D. Fla. 2005); claims presented in appellate briefs filed by co-defendants Gerald Payne, *see Alabama Sec. Comm'n and Ohio Div. of*

*Sec. v. Payne*, Case No. 03-13776-JJ (11th Cir. 2004), and Betty Payne, *see United States v. Payne*, Case No. 01-14746-F (11th Cir. 2003); testimony presented in two related federal cases, *see Alabama Sec. Comm'n and Ohio Div. of Sec. V. Greater Ministries Int'l, Inc.*, Case No. 8:99-CV-1786-T-30MSS (M.D. Fla. 2003), and *In Re: Greater Ministries International, Inc.*, Case No. 99-13967-8B1 (Bankr. M.D. Fla. 2002); findings by a Florida appellate court in "case no. 96-1964;"[2] and scriptures from *The Bible*.

"The status of the accused defendant, who retains a presumption of innocence throughout the trial process, changes dramatically when a jury returns a guilty verdict." *Martinez v. Court of Appeal of California*, 528 U.S. 152, 162 (2000) (citation omitted).  At the trial stage the [Government] is attempting to convert a criminal defendant from a person presumed innocent to one found guilty beyond a reasonable doubt, and the burden rests with the [Government]."  In collateral proceedings, however, it is ordinarily the defendant who initiates the judicial proceedings seeking to establish that the finding of guilt made by a judge or a jury cannot withstand constitutional scrutiny.

In short, Petitioner now bears the burden of establishing that he is entitled to relief from his conviction and/or sentence.  That burden cannot be shifted to the Government, and Petitioner's reliance on documents filed by a co-defendant who, like Petitioner, is an incarcerated *pro se* litigant without legal training, is ill-advised.[3]  This Court will only consider claims raised by Petitioner in his motion; it will not act as researcher/investigator

---

[2]Petitioner was convicted in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, in 1999 of racketeering, fraudulent sale of securities, and numerous other offenses.  The state appellate court affirmed his convictions and sentences on direct appeal in 2001. *Talbert v. State,* 791 So.2d 476 (Fla. 2d DCA 2001) (Table).

[3]Co-defendant Gerald Payne's initial reply to the Government's response was stricken as an unauthorized filing pursuant to Local Rules 1.05(d) and 2.01(a) (M.D. Fla. 2004). *See also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court."). *Payne v. United States*, Case No. 8:05-CV-259-T-27MSS, Dkt. 10.

on Petitioner's behalf.  This matter will not proceed piecemeal.

Petitioner is cautioned that vague and conclusory statements will not support granting him the relief he seeks.  Petitioner must be set forth with **specificity** each of his claims for relief and a brief statement of the facts which support each claim.   Mere references to claims raised in documents either he or a co-defendant filed in proceeding in a state court or another federal court will not suffice.  Petitioner's reliance on arguments presented to the appellate court is equally unavailing.  This Court "is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal." *See United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).  "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under [§] 2255."  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000), *cert. denied*, 531 U.S. 1131 (2001) (citation omitted).

To secure a hearing on his claims, a § 2255 movant must allege facts, which, if true, would entitle him to the relief he seeks. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc). The law does not require a federal court to hear a claim based entirely on conclusory allegations wholly devoid of specifics. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc).

Because Petitioner has failed to set forth his claims with adequate specificity, he will be required to file an amended motion.  Petitioner may also file a memorandum of law in support of his motion, not to exceed 20 pages in length. *See* Local Rule 3.01(c) (M.D. Fla. 2004).

-4-

In preparing his amended motion, Petitioner should set forth all his claims for relief and the facts he contends support said claims. *See* 28 U.S.C. §§ 2244(a) & 2255 as they relate to successive petitions. *See also Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the Federal rules supercedes the original complaint); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (same); *Cedillo v. Standard Oil Co. of Tex.*, 261 F.2d 443 (5th Cir. 1958)[4] (same). The only claims properly before this Court will be the ones asserted in the amended motion.

Finally, in Ground VII, Petitioner argues:

As the trial started with Judge Whittemore stating he did not want to see any Bibles, people praying or any type of Christian actions in his courtroom, Mr. Kingston should have known that [Petitioner] would most likely not get a fair trial. After, [sic] many more denials of [Petitioner's] rights by the judge, Mr. Kingston should have asked the judge to recluse [sic] himself. These actions of Judge Whittemore were uncalled for and showed bias against [Petitioner]. Judge Whittemore's actions also violated [Petitioner's] First, Fifth, Sixth and Fourteen [sic] Amendment Rights of the United States Constitution. Mr. Kingston allowed these biases shows [sic] another case of ineffective assistance. *Mr. Talbert requests that if Judge Whittemore is still bias, that Judge Whittemore to recluse [sic] himself.*

Dkt. 1 at 13. To the extent that this may be read as a request that the Undersigned recuse himself from this case, the Court is compelled to deny the request because it is factually insufficient to support a request for recusal. *See* 28 U.S.C. §§ 144 and 455. Specifically, Petitioner fails to present any facts that, if true, "would convince a reasonable man that bias exists." *Parrish v. Board of Com'rs of Alabama State Bar*, 524 F.2d 98, 100 (5th Cir. 1975). Furthermore, there is no evidence or allegation that a judicial opinion about the case has been formed based on extrajudicial sources. *See Christo v. Padgett*, 223 F.3d

---

[4]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

1324, 1334 (11th Cir. 2000) (quoting *Hamm v. Members of the Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983) (finding that "[t]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources . . . . Neither a trial judge's comments on the lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias."). Petitioner's conclusory statements do not demonstrate "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Finally, based on the allegations in Petitioner's motion, the Court finds that no reasonable person would conclude that a personal as opposed to judicial bias exists in this case. *See Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1973) (citing *Berger v. United States*, 255 U.S. 22 (1921)). A trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true." *United States v. Bray*, 546 F.23d 851, 857 (10th Cir. 1976) (citations omitted).

The Court expresses no opinion regarding the timeliness of Petitioner's claims at this time.

ACCORDINGLY, the Court **ORDERS** that:

1. The Clerk shall **STRIKE** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Dkt. 1).

2. Petitioner shall, within **TWENTY (20) DAYS** from the date of this order, file an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the instructions on the enclosed form. Petitioner must set forth with **specificity** each of his claims for relief **and** a brief statement of the facts which support the

-6-

claim(s). <u>Failure to comply with the terms of this order within the allotted time shall result in the automatic **dismissal** of this case **without further notice.**</u>[5]

3. The **Clerk** shall enclose two copies of the court-approved form for use in filing § 2255 motions with Petitioner's copy of this order. This case number should be affixed to the forms.

**ORDERED** in Tampa, Florida, on ___May 24th___, 2005.

_____
JAMES D. WHITTEMORE
United States District Judge

SA: jsh
Copy to: All Parties/Counsel of Record

---

[5]The time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Jones v. United States*, 304 F.3d 1035, 1040-41 (11th Cir. 2002).